IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KATY WOODSON, ) <br> 4093 W. Grand ) <br> Springfield, Missouri, 65802 ) <br> ) <br> Plaintiff, ) <br> ) Case No. <br> vs. ) Division No. <br> ) <br> NCO FINANCIAL SYSTEMS, INC., ) <br> 507 Prudential Road ) <br> Horsham, PA 19044 ) <br> ) <br> Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

KATY WOODSON (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the NCO FINANCIAL SYSTEMS, INC. (Defendant):

## INTRODUCTION

1. Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

VERIFIED COMPLAINT 1

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Missouri, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person who resides in Springfield, Green County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

8. According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency that conducts business in the State of Missouri.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant is collecting from Plaintiff on a debt owed to Cox Regional Services ER Physicians in the amount of approximately $634.64.

14. Defendant placed up to four calls per day to Plaintiff on her home telephone number.

15. Defendant was contacting Plaintiff on her cellular telephone number so frequently that Plaintiff changed the telephone number.

16. Plaintiff informed Defendant that she is making payments directly to the creditor, yet Defendant continues to place collection calls to Plaintiff.

17. Defendant sent a letter to Plaintiff after Defendant was notified that Plaintiff was represented by counsel. *See* letter attached as Exhibit "A."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(2)* of the FDCPA by contacting the Plaintiff after Defendant knew that Plaintiff was represented by an attorney with respect to the debt.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff.

VERIFIED COMPLAINT 3

c. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to right repeatedly and/or continuously with the intent to annoy, abuse, and/or harass Plaintiff.

WHEREFORE, Plaintiff, KATY WOODSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Adam C. Maxwell
[ ] Adam C. Maxwell
Attorney for Plaintiff
Bar # 62103
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(312) 578-9428 x 281(direct)
e-mail: amaxwell@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATY WOODSON, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI

Plaintiff, KATY WOODSON, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KATY WOODSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_10-13-10_
Date

_[signature]_
KATY WOODSON